# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| **Prommis Holdings, LLC,** *et al.,* | Case No. 13-10551 (BLS) |
| | (Jointly Administered) |
| Debtors. | |
| **Donald L. Crawford, Sr., d/b/a Drachma Enterprises,** | Adv. No. 13-52219 |
| Plaintiff, | Related to Adv. Docket Nos. 10 & 13 |
| v. | |
| **Prommis Holdings, LLC,** *et al.,* | |
| Defendants. | |

## MEMORANDUM ORDER[1]

Upon consideration of the Motion to Dismiss the Complaint[2] filed by EC Closing Corp. f/k/a Cal-Western Reconveyance Corp. ("Cal-Western") and Prommis Holdings, LLC ("Prommis") [Adv. Docket No. 10]; the Motion to Dismiss the Complaint filed by THR California, LP ("THR California") [Adv. Docket No. 13] (together, the "Motions to Dismiss"); the opposition to the Motions to Dismiss filed

---

[1] This Memorandum Order constitutes the Court's findings of fact and conclusions of law, as required by the Federal Rules of Bankruptcy Procedure. *See* Fed. R. Bankr. P. 7052, 9014(c).

[2] Plaintiff's Complaint is Adv. Docket No. 1.

by plaintiff Donald L. Crawford, Sr., d/b/a Drachma Enterprises [Adv. Docket No. 20]; the replies filed by THR California [Adv. Docket No. 23] and Cal-Western and Prommis [Adv. Docket No. 24]; and following a hearing on December 3, 2013; and after due deliberation, the Court hereby FINDS as follows:

1.      This matter arises out of a series of transactions and lawsuits regarding the ownership of and exercise of foreclosure rights on a parcel of real property located at 2953 Stanton Street, Pomona, CA (the "Property"). This memorandum order references only the limited factual and procedural history that is directly relevant to the instant motions.

2.      On August 6, 2007, James A. and Sharon W. Wilson took out a loan from IndyMac Bank, FSB. The loan was secured by a deed of trust on the Property.

3.      On September 1, 2010, the Wilsons defaulted on the loan.

4.      At some point, Cal-Western was substituted as trustee under the deed of trust to commence non-judicial foreclosure. Cal-Western recorded a notice of default and election to sell under the deed of trust on or around January 31, 2011.

5.      On February 17, 2011, the deed of trust was assigned to OneWest.

6.      On May 21, 2011, the Wilsons executed a grant deed conveying the property to Mr. Crawford d/b/a Drachma Enterprises.

7.      On June 11, 2012, Mr. Crawford  and the Wilsons filed a complaint, *Crawford v. Cal-Western Reconveyance Corp.*, No. BC486242 (the "California Action") in California State Superior Court, County of Los Angeles (the "LA Superior Court") in connection with the Property. The complaint was filed against Cal-Western, OneWest, and THR California, among others.

8.      On August 20, 2012, a trustee's sale was conducted. As a result of the sale, Cal-Western granted THR California a trustee's deed upon sale.

9.      On December 12, 2012, the California Action was removed to the United States District Court for the District of California, *Crawford v. Cal-Western Reconveyance Corp.*, No. 12-10598.

10.     On June 25, 2013, the district court dismissed all federal claims asserted and remanded the California Action back to the LA Superior Court.

11.     On September 4, 2013, this Court entered an order granting Mr. Crawford and the Wilsons limited relief from the stay to prosecute the California Action. [Docket No. 566].

12.     Notwithstanding having been granted leave to litigate elsewhere, on September 9, 2013, Mr. Crawford filed in this Court the instant complaint against Prommis; Cal-Western; THR California; OneWest Bank Group, LLC; and Does 1-20.

13.     On October 25, 2013, Cal-Western and Prommis filed their Motion to Dismiss the Complaint, primarily arguing that this Court lacks subject matter jurisdiction to hear the case. Also on October 25, 2013, THR California filed its Motion to Dismiss the Complaint, primarily arguing that Mr. Crawford lacks standing to bring the action. Mr. Crawford objects to the Motions to Dismiss.

## Analysis

14.     Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may seek dismissal of a complaint for lack of subject matter jurisdiction. *See* Fed. R. Bankr. P. 7012(b) (incorporating Fed. R. Civ. P. 12(b)-(i) in bankruptcy adversary proceedings). The "plaintiff has the burden of 'showing by a preponderance of the evidence that subject matter jurisdiction exists.'" *Scott v. Aegis Mortgage Corp. (In re Aegis Mortgage Corp.)*, No. 07-11119, 2008 WL 2150120 at *3 (Bankr. D. Del. May 22, 2008) (citing *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003); *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005)).

15.     Courts may consider subject matter jurisdiction at any time and must dismiss an action if subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3).

16.     The issue can be raised in any manner, including on motion of one of the parties or by the court sua sponte. *In re AE Liquidation, Inc.*, 435 B.R. 894, 900 (Bankr. D. Del. 2010) (citing *In re Eltech, Inc.*, 313 B.R. 659, 662 (Bankr. W.D. Pa. 2004)).

17.     Bankruptcy courts have subject matter jurisdiction over civil proceedings arising under title 11 of the United States Code, and arising in or related to cases under title 11, through the operation of 28 U.S.C. §§ 1334 and 157.

18.     "'Arising in' jurisdiction provides a bankruptcy court with jurisdiction over proceedings which 'have no existence outside of the bankruptcy.'" *Aegis*, 2008 WL 2150120 at *4 (quoting *Stoe v. Flaherty*, 436 F.3d 209, 216 (3d Cir. 2006) (internal citation omitted)).

19.     "Arising under" jurisdiction provides a bankruptcy court with jurisdiction over "'matters invoking a substantive right created by the Bankruptcy Code.'" *Aegis*, 2008 WL 2150120 at *4 (quoting *In re Toledo*, 170 F.3d 1340, 1345 (11th Cir. 1999)).

20.     "Related to" jurisdiction is "the most expansive type of bankruptcy court jurisdiction." *Aegis*, 2008 WL 2150120 at *5. Where a claim or cause of action is filed prior to confirmation of a plan, "[t]he usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (overruled on other grounds); *see also In re MPC Computers, LLC*, 465 B.R. 384, 392 (Bankr. D. Del. 2012).

21.     Here Mr. Crawford's complaint seeks declaratory relief that the trustee's sale is void; cancellation of certain instruments in the foreclosure process, including the trustee's deed upon sale; and judgment against the defendants for unfair business practices under California law.

22.     The Court does not have "arising in" jurisdiction over these claims, because they can exist outside of the bankruptcy. All of these claims can be filed in state court, and in fact already have been filed in state court. The California Action contains essentially the same claims and is currently pending in the LA Superior Court.

23.     Neither does the Court have "arising under" jurisdiction, because none of the rights at issue are created by the Bankruptcy Code. All of Mr. Crawford's claims are grounded in the state law of California.

24. Finally, with regard to "related to" jurisdiction, any declaratory relief or cancellation of instruments would not have any effect on the bankruptcy estates of Cal-Western or Prommis. Debtor Cal-Western served as the trustee overseeing the foreclosure sale process, and it does not have an interest in the property at issue. THR California is not a debtor in these bankruptcy cases.

25. To the extent that any monetary damages are sought against Cal-Western or Prommis for unfair business practices, a claim for pre-petition money damages may not be asserted through an adversary proceeding. *See Aegis*, 2008 WL 2150120 at *6.

26. Since the Debtors have no interest that would be affected by the declaratory relief and the cancellation of instruments, and a pre-petition claim for monetary damages may not be asserted through an adversary proceeding, the Court concludes that the outcome of this proceeding could not have any conceivable effect on the bankruptcy estates.

27. It should be noted that a creditor may assert a pre-petition claim by filing a proof of claim in accordance with 11 U.S.C. § 501. *Id.* Indeed, "in a case under Chapter 11 of the Code, '[a]ll unsecured creditors must file a proof of claim for their interest to be allowed when that claim is not scheduled by the debtor or if the claim is scheduled by the debtor as disputed, contingent or unliquidated.'" *Aegis*, 2008 WL 2150120 at *6 (quoting *In re Wire Rope Corp. of Am., Inc.*, 300 B.R. 1, 8 (Bankr. W.D. Mo. 2003).

28. In this case, Mr. Crawford filed a proof of claim against Cal-Western. [Claim No. 388]. The claims bar date for Prommis was July 3, 2013, at 5:00 p.m. [Docket No. 349], and it appears that such deadline passed without Mr. Crawford filing a proof of claim against Prommis.[3]

---

[3] The claims bar date for Cal-Western was not until September 16, 2013. [Docket No. 478]. Mr. Crawford filed his proof of claim in Cal-Western's case on September 16, 2013.

- 5 -

29.     As listed above, Mr. Crawford has already obtained limited relief from the automatic stay to pursue the action against Cal-Western in the LA Superior Court.

30.     The September 4, 2013 Order granting limited relief from stay provided that the automatic stay was lifted and annulled to the extent necessary to allow Mr. Crawford and the Wilsons to pursue claims in the California Action as follows:

a. the Crawford Plaintiffs [Mr. Crawford and the Wilsons] may seek declaratory relief against Cal-Western Reconveyance Corporation in the Crawford Action [the California Action], such as a declaration that, as alleged by the Crawford Plaintiffs, one or more instruments or actions involving Cal-Western Reconveyance Corporation were improper or otherwise of no legal or equitable effect; provided, however, that no injunctive or other equitable relief may be sought or granted as against Cal-Western Reconveyance Corporation in the Crawford Action, including, but not limited to the entry of any order demanding or requiring that Cal-Western Reconveyance Corporation take any action or turnover any property, inasmuch as Cal-Western Reconveyance Corporation has no legal or equitable interest in the underlying property or proceeds of any sale, and served merely as agent of a foreclosing lender;

b. to the extent that any verdict, judgment or settlement establishing monetary liability is obtained in favor of the Crawford Plaintiffs and against Cal-Western Reconveyance Corporation, and to the extent that Cal-Western Reconveyance Corporation has liability insurance available that would cover any of the Crawford Plaintiffs' claims, the Crawford Plaintiffs may take action to collect upon any such insurance as may be available under any such insurance policy without further proceedings before this Court;

- 6 -

c.  any verdict or judgment or settlement for a monetary award against Cal-Western Reconveyance Corporation, to the extent not satisfied by any Cal-Western Reconveyance Corporation insurance (if any), shall serve solely to liquidate the unsatisfied amount of the Crawford Plaintiffs' claim against Cal-Western Reconveyance Corporation, if any, provided, however, that any claim for punitive damages shall be subordinate in right of payment to allowed unsecured claims pursuant to 11 U.S.C. § 726(a)(4); and

d. the Crawford Plaintiffs' claims asserted against Susan Smothers and Rosalyn Hall were asserted based on alleged acts taken within the scope of their employment with the Debtors, and as such, pending further order of this court, no judgment or relief, other than declaratory relief, may be sought or granted as to either such individual defendant in the Crawford Action.

e.  Cal-Western Reconveyance Corporation, a named defendant in the Crawford Action, will not defend in the Crawford Action in its own right (subject to the enforcement of the restrictions contained in this order with respect to relief from the automatic stay) and has not authorized or directed any counselor other party to continue to defend on its behalf. With respect to counsel of record for Cal-Western Reconveyance Corporation in the Crawford Action before Cal-Western Reconveyance Corporation commenced its bankruptcy case, to wit, Pite Duncan, LLP, such counsel has not been authorized by the Bankruptcy Court to continue to represent Cal-Western Reconveyance Corporation, and Cal-Western Reconveyance Corporation has not sought such authority in the Bankruptcy Court as required by the Bankruptcy Code. Therefore, no prior counsel of record should be required or permitted to continue to act to defend Cal-Western Reconveyance Corporation in the Crawford

Action (subject to any determination by the court presiding in the Crawford Action that regardless of such circumstances, an entity defendant requires counsel of record).

September 4, 2013 Order at 2-4.

31.    Since the Court has determined that it lacks subject matter jurisdiction to hear this adversary proceeding, the issue of standing raised by THR California and other arguments raised by the movants are moot. This adversary proceeding will be dismissed, and Mr. Crawford may pursue the California Action to the extent permitted under the September 4, 2013 Order.

Accordingly, it is hereby

**ORDERED**, that the Motions to Dismiss are **GRANTED**; and it is further

**ORDERED**, that the adversary proceeding is **DISMISSED** in its entirety due to lack of subject matter jurisdiction.

**BY THE COURT**:

Dated: December 19, 2013
Wilmington, Delaware

_____
Brendan Linehan Shannon
United States Bankruptcy Judge

- 8 -